# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| LAMONT WILLIAMSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-CV-161 SNLJ |
| CORIZON, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Lamont Williamson (registration no. 363930), an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner=s finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff=d* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, an inmate at SECC, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Plaintiff has named the following as defendants in this action:

Corizon, Inc.; Ian Wallace (Warden); Mina Massey (Doctor); Dana Degen (Nurse); and John and Jane Doe Nurses.[1] Plaintiff sues defendants in their individual capacities only.

Plaintiff asserts that between the end of September 2013 and June of 2014, he had severe bleeding symptoms in his right nostril. He claims that his bleeding symptoms were so severe on two occasions that he was taken to the emergency room from the prison in order to have procedures done to stop the bleeding. Plaintiff states that the doctor at the emergency room, on each occasion, told plaintiff that he needed to see a specialist for his "tumor" in his nostril, and the ER doctor referred him to an outside ENT doctor each time.

Plaintiff asserts, however, that each time he returned to the prison, Doctor Nina Massey disregarded the ER doctor's instructions and failed to allow him to see an ENT specialist for the "tumor," or even treat the pain associated with the "tumor" besides giving him ice and tylenol. Plaintiff alleges that after each procedure at the emergency room he was left in tremendous pain, and Dr. Massey failed to provide him with the pain medication given to him by the emergency room physicians, which consisted of medicine containing codeine. Plaintiff claims that Dr. Massey told him it was up to her discretion whether he should be treated or not. As the events described in the complaint occurred as far back as 2014, plaintiff does not state whether he eventually received treatment for the condition in his nose, from Dr. Massey or another doctor. Plaintiff does allege that Dr. Massey was fired as a physician from Corizon after she retaliated against him and filed a conduct violation against him for filing medical informal resolution

---

[1]In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Plaintiff has not stated that certain unknown or unnamed nurses made any constitutional violations against him. As such, the John and Jane Doe nurses will be dismissed, without prejudice, at this time.

requests. Although plaintiff mentions that occurrence, he has not stated the facts surrounding the alleged retaliation in his complaint, thus the Court will not include that as a claim in this action.

Plaintiff has not made any additional allegations against the other defendants in this action, stating only that he believes that Dana Degen stood and watched his verbal altercation with Dr. Massey, "presumably so she could be a hostile witness against him."

In his request for relief, plaintiff seeks monetary damages and

## Discussion

The Court will allow plaintiff's deliberate indifference to his serious medical claim to go forward against Dr. Massey in her individual capacity, pursuant to the Eighth Amendment. However, plaintiff's claims against the other defendants in this action are subject to dismissal as he has not articulated that any of the other defendants were causally connected to the alleged wrongful conduct purportedly perpetrated by Dr. Massey. See *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983).

Moreover, plaintiff has not properly alleged a claim against Corizon, Inc., as he has not alleged that there was an unlawful custom or policy responsible for Dr. Massey's conduct. *See Monell v. Dep=t of Social Services*, 436 U.S. 658, 690-91 (1978).

And, as noted above, plaintiff has not made specific allegations as to how certain unnamed John or Jane Doe Nurses violated his rights such that they can be specifically identified for the purposes of service and discovery. Thus, they are subject to dismissal at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Mina Massey in her individual capacity. Dr. Massey shall be served through the waiver agreement this Court maintains with Corizon, Inc.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Mina Massey shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Corizon, Inc., Ian Wallace, Dana Degen or John or Jane Doe because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 9th day of February, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE